# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SEPULVEDA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No. 12-cv-3008-W (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CONSTITUTIONAL CLAIMS [DOC. 5]** |

　　　On December 19, 2012, Plaintiff Miguel Sepulveda commenced this action against Defendant United States of America ("Government") for money damages under the Federal Tort Claims Act ("FTCA"). The Government now moves to dismiss Plaintiff's constitutional claims in the First Amended Complaint ("FAC") for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes.

　　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** the Government's motion to dismiss.

//

## I.     BACKGROUND

On September 4, 2011, at approximately 8:45 p.m., Plaintiff attempted to enter the United States from Mexico at the San Ysidro border checkpoint. (FAC ¶ 8.) At the checkpoint, Plaintiff was directed to a secondary inspection and asked to provide documents proving his United States citizenship. (Id.) He produced his California driver's license, which the Border Patrol agent allegedly rebuffed in a "rude and sarcastic" manner. (Id.)

The agent then instructed Plaintiff to exit his vehicle, and allegedly "proceeded in an aggressive and agitated manner to order Plaintiff [] to place his arms behind his back." (FAC ¶ 9.) Plaintiff alleges that ten Border Patrol agents then proceeded to tackle him to the ground "with such force, his head slammed into the pavement and his mouth and jaw hit the ground with such force his teeth were broken and his mouth was bleeding." (Id.)

Plaintiff was then allegedly "forcefully thrown into a small cell and not given any medical assistance" even though he "complained to Border Patrol agents he was in severe pain and requested medical treatment due to his severe injuries." (FAC ¶ 9.) After approximately one hour, Plaintiff alleges that he was "given rubbing alcohol to apply to his injuries and photographs were taken by the Border Patrol agents." (Id.)

At 11:30 p.m., Plaintiff was released and he "immediately sought medical treatment at Sharp Hospital in Chula Vista, California for a head, jaw and tooth injury." (FAC ¶ 9.)

On December 19, 2012, Plaintiff commenced this action, asserting claims for: (1) false imprisonment; (2) assault / battery; (3) negligence; and (4) intentional infliction of emotional distress. Plaintiff also asserts constitutional claims for violation of his Fourth Amendment rights under each claim except negligence, even though the constitutional claims are not separately identified as independent claims. On June 11,

2013, he amended his complaint, asserting the same claims.[1] The Government now moves to dismiss the constitutional claims and the requests for prejudgment interest and attorney's fees for lack of jurisdiction. Plaintiff opposes.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). In such a motion, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming that all of the allegations are true and construing the complaint in light most favorable to the plaintiff. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Thus, a motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege sufficient facts to establish jurisdiction. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States,

---

[1] The Court notes that Plaintiff amended his complaint as a matter of course outside of the time frame permitted under Rule 15(a). Because the Government did not challenge the amendment, and because leave should be free given when justice requires, the Court will proceed with the FAC as the operative complaint. See Fed. R. Civ. P. 15(a).

850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039 n.2.

## III.    DISCUSSION

"Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Tobar v. United States, 639 F.3d 1191, 1195 (9th Cir. 2011) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)) (internal quotation marks omitted).  "[L]imitations and conditions upon which the [United States] Government consent to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957).  Accordingly, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Mitchell, 445 U.S. at 538.

"The FTCA effects a limited waiver of sovereign immunity to allow certain common law torts claims to proceed against the United States." Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1140 (9th Cir. 2013) (citing Smith v. United States, 507 U.S. 197, 201 (1993)); see 28 U.S.C. § 1346(b)(1).  Specifically, the FTCA provides that federal courts exercise exclusive jurisdiction over

//
//
//

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). A claim is actionable under the FTCA only if the plaintiff satisfies all of the provisions under § 1346(b)(1). See Meyer, 510 U.S. at 477.

The Government argues in its facial challenge that the United States has not waived sovereign immunity for the constitutional claims asserted, the request for prejudgment interest, and the request for attorney's fees; and therefore, these claims and requests are not cognizable under the FTCA. (Def.'s Mot. 3:14–4:27.) Plaintiff curiously responds by arguing: (1) under Rule 8(a)(2), all that is required in a complaint is a "short and plain statement of the claim showing the pleader is entitled to relief"; (2) subject matter jurisdiction is conferred upon the federal courts for Fourth Amendment violations under 42 U.S.C. § 1983; and (3) an "exception to the exception" exists, allowing intentional-tort claims to proceed against the United States where "the perpetrator is a federal investigative or law enforcement officer." (Pls.' Opp'n 2:24–3:18.) However, these arguments fail to address the crux of the Government's motion.

In the FAC, Plaintiff asserts Fourth Amendment violations under his claims for false imprisonment, assault and battery, and intentional infliction of emotional distress. (FAC ¶¶ 14, 19, 29.) He also requests prejudgment interest and "reasonable attorneys [sic] fees." (Prayer for Relief ¶¶ 3, 5.) These claims and requests do not satisfy the provisions proscribed in § 1346(b)(1) and, therefore, are not actionable. See 28 U.S.C. § 1346(b)(1); Meyer, 510 U.S. at 477. Plaintiff fails to present any remotely coherent argument that addresses whether he satisfies the requirements of the FTCA. In addition to failing to apply relevant law to the circumstances of this case, the arguments either are wholly irrelevant or rely on incorrect statements of the law. (See Pls' Opp'n 2:24–3:18.)

IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's constitutional claims and requests for prejudgment interest and attorney's fees insofar as being brought under the FTCA. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile.").

**IT IS SO ORDERED.**

**DATE: January 10, 2014**

HON. THOMAS J. WHELAN
United States District Court
Southern District of California